IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK L. SHERMAN                                                                                           PLAINTIFF

v.                                              Case No. 6:20-cv-06099

SHERIFF MIKE CASH
and CAPTAIN JOSH LINGO                                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on February 9, 2021, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 10). Plaintiff filed objections. (ECF No. 11). The Court finds the matter ripe for consideration.

On September 15, 2020, Plaintiff filed his Complaint. (ECF No. 1). On the same day, the Court entered an Order directing Plaintiff to establish that he does not have three or more strikes or provide the Court with a reason as to why the Prison Litigation Reform Act ("PLRA") does not apply to the allegations of his Complaint. The Court gave Plaintiff until October 9, 2020 to comply with the Order. (ECF No. 2). On October 8, 2020, Plaintiff filed a Motion to Proceed *in forma pauperis* ("IFP"). (ECF No 5). Plaintiff did not dispute his three-strike status, but argued that the PLRA, 28 U.S.C. § 1915(g), three-strike provision and the imminent danger exception to § 1915(g) denies indigent prisoners their day in court and equal protection under the law. *Id*.

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court

may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

Pursuant to § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff objects to the Report and Recommendation's finding that his Application to Proceed IFP (ECF No. 5) should be denied.

Plaintiff filed what he styles as "written objection,"[1] and argues that § 1915(g) is unconstitutional because the imminent danger exception is not required and is vague. Additionally, Plaintiff argues that not allowing him to proceed IFP violates his First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendment rights and the *ex post facto* clause of the United States Constitution.[2]

After conducting a de novo review of the Report and Recommendation to which Plaintiff has objected, this Court finds the Objections offer neither law nor fact requiring departure from the Magistrate's findings. Plaintiff objects on the grounds of the First, Fourth, Fifth, Seventh,

---

[1] As previously stated, the Court must liberally construe *pro se* objections to determine whether they are specifically responsive to a Report and Recommendation. In applying this liberal construction, the Court will review each of Plaintiff's objections even though they do not specifically reference the instant Report and Recommendation.

[2] In his written objection, Plaintiff states "the right to proceed *in forma pauperis* violates my First, Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendment rights, and the Ex Post facto clause of the United States Constitution." The Court presumes Plaintiff means his rights would be violated if the Court rejected his right to proceed IFP based on the content of his objection.

Eighth, and Fourteenth Amendments and the *ex post facto* clause, but the Court does not find any Constitutional violations present. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). Accordingly, the report and recommendation (ECF No. 10) is proper, contains no clear error, and should be and hereby is **ADOPTED IN ITS ENTIRETY**.

    **IT IS SO ORDERED**, this 19th day of April, 2021.

                                            /s/ Susan O. Hickey  
                                            Susan O. Hickey  
                                            Chief United States District Judge